LAWSON, J.,
dissenting.
In my view, our decision in Lawnwood Medical Center, Inc. v. Seeger, 990 So.2d 503 (Fla. 2008), applies the unambiguous language of article III, section 11(a)(12), and article X, section 12(g), of the Florida Constitution and is controlling here. Staying the constitutional course charted by our precedent, I would approve the decision of the Second District Court of Appeal. Therefore, I respectfully dissent.
In Lawnwood, we defined “privilege” in the context of article III, section 11(a)(12)’s prohibition against a “special law”—-which pursuant to article X, section 12(g), includes a “local law” of the type at issue here—as “a right, a special benefit [including “a financial benefit”], or an advantage.”[5] Lawnwood, 990 So.2d at 511. The law at issue in Lawnwood was a local law that applied only to hospitals in St. Lucie County. Id. at 506 (“The parties do not dispute that the HGL is a special law applicable to private corporations only in St. Lucie County .... ”). Our Court held the act to be invalid because it “impermissibly providefd] a privilege to ... a private corporation” in St. Lucie County not granted to other hospitals in the state. Id. After recognizing that the Florida Constitution defines “a special law as ‘a special or local law,’ ” our Court clearly stated: “It is apparent from the express language in the HGL that the law was intended to affect only those privately operated hospitals located in St. Lucie County. Therefore, the HGL is unquestionably a special law affecting a private corporation.” Id. at 510 (emphasis added). Thus, Lawnwood made clear that the appropriate analysis is between the hospitals affected by the local law and other similarly situated hospitals in the State of Florida.
I would apply Lawnwood the same way here and thereby stay the constitutional course.. Specifically, the payment of .local government funds to private hospital corporations mandated by the special law at issue here is a financial benefit and therefore a privilege as defined by Lawnwood. Because this financial benefit was conferred by special law, it violates article III, section 11(a)(12). Mandating these payments to private corporations from local tax dollars may constitute sound public policy that should be implemented on a statewide basis by general law. But, article III, section 11(a)(12), unambiguously bars the grant of this type of benefit to private corporations by special law.
*85 Instead of applying the straightforward language of the Constitution in this straightforward manner, the majority focuses on the fact that the word “privilege” connotes a benefit not enjoyed by others. In my view, it makes no sense to ask whether the benefit conferred is “enjoyed by others” when that concept is a structural part of the constitutional provision. In other words, granting a benefit by special law means that the benefit is not extended to other similarly situated private corporations in the state. This is especially apparent when considering a non-local special law.
For example, if the special law at issue here had granted this very same financial benefit to one or more private hospital corporations by name, petitioners readily and properly concede that the financial benefit would constitute an unauthorized privilege because other private hospital corporations operating in Florida would be excluded from the same financial benefit. This same straightforward application should apply to local laws because the Constitution uses the exact same language for all special laws. Instead of applying the Constitution as written—to prohibit this local law “pertaining to ... private ihcor-poration or grant of privilege to a private corporation,” article III, section 11(a)(12), Florida Constitution—the majority has effectively rewritten the Constitution to differentiate between local laws and other special laws as follows:
The legislature shall not enact either: (1) special laws that pertain to private incorporation or grant of privilege to a private corporation or (2) local laws that pertain to private incorporation or grant of privilege to a private corporation where the privilege is not also granted to other similar private and public corporations within the same locality.
My first observation regarding this judicially reworked constitutional language is that it appears to always permit the grant of a privilege by local law because, by definition, “a local law is one relating to, or designed to operate only in, a specially indicated part of the state ....” Lawnwood, 990 So.2d at 509 (quoting Florida Dep’t of Bus. & Prof'l Regulation v. Gulfstream Park Racing Ass’n, 967 So.2d 802, 807 (Fla. 2007). Therefore, a local law directed at hospitals, like the law at issue here and in Lawnwood, by definition necessarily applies to all hospitals in the locality (because that is the very nature of a local law). If the law were drawn more narrowly, to apply to only specified hospitals in the area, it would be a non-local special law.
My second observation is that this rewrite of the Constitution directly contradicts the acknowledgment in Lawnwood that “we are not at liberty to add words to article III, section ll(a)(12), which were not placed there by the drafters of the Florida Constitution.” Id. at 512. Ironically, not only is this addition of language to article III, section 11(a)(12), expressly prohibited by Lawnwood, but the majority’s resolution of this case is also directly and irreconcilably in conflict with Lawnwood on the facts.
My third observation about the majority’s judicial rewrite of this constitutional provision is that it makes no logical sense to treat local laws differently than non-local special laws because it allows the Legislature to grant the exact same corporate privilege by local law that would clearly be barred by non-local special law. For example, take a county with one public hospital (say, the “Local Hospital”) and one private hospital (the “ABC Hospital Corp.”). Clearly, the Legislature could not pass a special law requiring millions of local tax dollars to be paid to the Local *86 Hospital and the ABC Hospital Corp, by-name, and no other hospital in the state. There is no rational argument that this non-local special law would not violate article III, section ll(a)(12). But, under the majority’s interpretation of article III, section ll(a)(12), the Legislature could provide the exact same corporate privilege to the same private hospital by local law. That makes no sense where the language prohibits the grant of this type of privilege by any type of special law. Of course, I could come up with any number of hypothetical involving counties with no private hospitals or multiple public and private hospitals where a non-local special law granting the .privilege would be barred under the majority’s interpretation but a local law granting the same corporate privilege would be upheld as constitutional. This odd anomaly of the majority’s interpretation is really just another way of pointing out that the majority’s reading of the language barring special law corporate privileges actually allows the Legislature to grant a corporate privilege by local law.
Finally, it seems worth reflecting upon the obvious policy concerns underlying this particular provision of the Florida Constitution, as written. Some relaté to all special laws. For example, it seems that granting special benefits to private corporations by any type of special law would be subject to criticism as an improper use of taxpayer money or as unfair in a free market system or as rife with the potential for graft. Again, if it is good public policy to give taxpayer money to a class of private corporations (such as hospital corporations) in the state, then it should be good public policy throughout the state. Othér-wise, the special'treatment begins'to look like legislative largess to particularly connected corporations in that class instead of just good public policy. But, at least the enactment of a non-local special law privilege (to a private corporation) would be consistent with the underlying structure of our .representative form, of government. That is, if a non-local special law privilege were permitted by the Constitution and the Florida Legislature voted to directly grant .a significant financial benefit to,a select group of named for-profit private hospitals in the state from general, revenue,, the citizens of this state would have recourse: at the ballot box if they, disagreed with the action. ' (
But, with a local law like the one at issue here, legislators from other parts of the state could force the citizens ,.of a single county to bear.a significant.financial burden flowing to a few private corporations in their county even if their local representatives voted against the measure and even if the electorate never had an opportunity to rktify the action by a local vote, as happened here. That, to me, seems like the most troublesome type of special law privilege because it could be enacted entirely by legislators not accountable to the local citizens on whom they placed the burden of financing the corporate privilege,[6] Unfortunately, the majority has now written the protection against granting a corporate privilege by local law out of our Constitution. Therefore, I dissent.
PARIENTE, J., concurs.

. Article X, section 12(g), of the Florida Constitution defines "[sjpecial law” as "a special or local law.” (Emphasis added.) The law at issue here is a local law, meaning that it is a special law. Id Article III, section 11(a)(12), prohibits any "special law" that "pertain[s] to ... private incorporation or grant of privilege to a private corporation.”

. In this case, it is estimated that the citizens of Sarasota County will owe $30.0 million to the private hospital corporations in their county.